United States District Court
Southern District of Texas
**ENTERED**
May 26, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROLANDO CASTRO, | § | |
|      Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-19-2348 |
| | § | |
| | § | |
| BRYAN COLLIER, et al., | § | |
|      Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Rolando Castro, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") filed this complaint under 42 U.S.C. § 1983 complaining of the denial of medical care while he was an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division. Castro filed the instant complaint with the assistance of counsel, Juan G. Ramos, Jr., on June 29, 2019.

The threshold issue is whether the complaint should be dismissed without prejudice for failure to complete service.

**I.     Castro's Allegations**

Castro asserts that he reported his uncontrollable bloody stools to prison guards and medical staff at the Byrd, Gurney and Hutchins Units but was only given one IV and no subsequent treatment for several days prior to being admitted to Charlton Methodist Hospital. Castro continued to be housed in normal, non-air-conditioned quarters with no additional fluids despite his emergent condition. Prison guards taunted Castro despite his pleas for help. They watched on as Castro

O:\RAO\VDG\2019\19-2348.d01.wpd

experienced uncontrollable bloody bowel movements in a diaper for several days before being admitted to a hospital.

The physicians at Methodist Hospital evaluated Castro's condition and ordered a full battery of examinations. A CT scan revealed that Castro's prostate was grossly enlarged, and a colonoscopy showed ulceration of his lower intestines. Most concerning, doctors noted that Castro was suffering from a serious infection requiring a full battery of antibiotic treatment.

For the next twenty-three days, physicians at Methodist Hospital tried to combat the infection in Castro's intestines with antibiotics and IV medications. Physicians were reluctant to remove Castro's intestines due to his age and physical condition.

On July 29, 2017, physicians made the decision to perform colon and rectal surgery to remove large sections of his intestines. As a result of this surgery, Castro is required to wear a colostomy bag for the rest of his life. Castro seeks unspecified compensatory, punitive, and nominal damages.

## II.     Failure to Effect Service

On June 29, 2019, Castro requested that the Court complete service. (Docket Entry No. 1, pp. 2-3). Rule 4(c)(3) of the Federal Rules of Civil Procedure requires that the Court order service by a United States marshal if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. Castro has paid the fee and has not been authorized to proceed as a pauper under 28 U.S.C. § 1915.

On February 25, 2020, this Court denied Castro's request for the Court to order service, (Docket Entry No. 2). This Court ordered Castro to complete service within sixty days. This Court

further admonished Castro that failure to comply as directed may result in dismissal for want of prosecution.

Federal Rule of Civil Procedure 4(m) sets out the requirements to serve a defendant after a complaint has been filed:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Under Rule 4(m), if a plaintiff fails to serve a defendant within that ninety-day period, the court may either dismiss the action without prejudice or direct that service be effected within a specified time. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996). Before "entertain[ing] a motion to extend time for service, [the court] must first determine whether good cause exists" to do so. *Id.* Generally, a claim will not be dismissed absent a showing of intentional delay or "contumacious conduct." *Milam v. USAA General Indem. Co.,* 546 F.3d 321, 326–27 (5th Cir. 2008) (noting that the delay must be "characterized by significant periods of total inactivity," and be "longer than just a few months"). So long as good cause for the delay exists, "the [ ] court *must* extend time for service." *Thompson,* 91 F.3d at 21 (emphasis in original). In the Fifth Circuit, a discretionary extension of time is warranted "if the defendant is evading service or conceals a defect in attempted service." *Milam,* 546 F.3d at 325.

Castro, with the assistance of counsel, filed this civil rights action on June 29, 2019. Castro has failed to serve the defendants within that ninety-day period as required by Rule 4(m). Nor has Castro complied with this Court's order entered on February 25, 2020, which required him to

complete service within sixty days. In the instant case, Castro's delay in completing service is characterized by a significant period of total inactivity. Nearly eleven months have elapsed, and there is no indication on the record that Castro has served the defendants or even attempted to serve the defendants. There is no return of service on file indicating that the defendants were ever properly served in this action. Under Rule 4(m) of the Federal Rules of Civil Procedure, this Court dismisses this case without prejudice because Castro has failed to properly serve the defendants within ninety days of filing suit. FED. R. CIV. P. 4(m); *see also McDonald v. United States*, 898 F.2d 466, 467–68 (5th Cir. 1990).

Under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995); 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.51(3)(b) & (e) (3d ed. 2017). Upon a proper showing, relief from this order may be granted in accordance with Fed. R. Civ. P. 60(b). *See Link*, 370 U.S. at 635. Any motion for relief from judgment must be accompanied by proof of compliance or written documentation that all deficiencies have been corrected.

This action is DISMISSED without prejudice for want of prosecution.

SIGNED at Houston, Texas, on _____May 26_____, 2020.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE